

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| INDUSTRIAL MARITIME CARRIERS, INC. d/b/a INDUSTRIAL MARITIME CARRIERS (USA), INC. | CIVIL ACTION |
| versus | NO. 03-1041 |
| JAPAN HEAVY LIFT, SANKYU, INC. and SANKYU, U.S.A., INCORPORATED | SECTION "C" |

**ORDER AND REASONS**

Before the Court is Plaintiff's Motion for Partial Summary Judgment (Rec. Doc. 80). At issue is whether a principal/agent relationship existed between plaintiff, Industrial Maritime Carriers, Inc. d/b/a Industrial Maritime Carriers (USA), Inc. ("IMC"), and defendant Japan Heavy Lift ("JHL"). IMC contends that such a relationship did in fact exist, under which JHL owed IMC a fiduciary duty which was later allegedly breached. JHL denies the existence of any principal/agent relationship or, in the alternative, argues that material facts remain in dispute on that issue which preclude a ruling on summary judgment. The Court finds that summary judgment is not appropriate and plaintiff's motion is **DENIED**.

1

I. Law and Analysis[1]

Summary judgment is appropriately granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is not a genuine issue for trial." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] ... which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant meets this burden, the burden shifts to the non-movant to come forward with "specific facts" that establish an issue for trial. Id. "[M]ere allegations or denials" will not defeat a well-supported motion for summary judgment. Fed.R.Civ.P. 56(e). When deciding a motion for summary judgment the Court must avoid a "trial on affidavits." Anderson, 477 U.S. at 255. It is the role of the factfinder at trial, not the court at the summary judgment stage, to weigh the evidence and make credibility determinations. Id.

---

[1] The factual background is set forth in the plaintiff's principal motion and is not repeated here.

In deciding the motion for summary judgment, "all evidence must be construed in the light most favorable to the party opposing summary judgment." Matsushita Electric Industrial Corp., 475 U.S. at 600-601.

It is IMC's burden to establish the existence of an agency agreement. Karl Rove & Co. v. Thornburgh, 39 F.3d 1273, 1296 (5th Cir. 1994) ("Agency is never to be presumed; it must be shown affirmatively. The party who asserts the existence of agency relationship has the burden of proving it."). To show that a principal/agent relationship exists, IMC must prove:

(1) that the principal indicated that the agent was acting for it,
(2) that the agent acted or agreed to act on the principal's behalf, and
(3) that the agent was subject to the principal's control.

Steel Coils, Inc. v. M/V CAPTAIN NICHOLAS I, 197 F.Supp.2d 560, 567 (E.D. La. 2002); see also, Restatement (Second) of Agency § 1 cmt. A (1958).

Courts widely recognize that "[t]he essential element of an agency relationship is the right of control." In re Carolin Paxson Advertising, Inc., 938 F.2d 595, 598 (5th Cir.1991). Regarding the element of control, "[t]he alleged principal must have the right to control both the means and the details of the process by which the alleged agent is to accomplish his task." Id.

JHL is correct that the existence and scope of a principal-agent relationship is a question of fact that is "generally for the [factfinder at trial] to determine." Wood v. Holiday Inns, Inc., 508 F.2d 167 (5th Cir. 1975); see also Northern v. McGraw-Edison Co., 542 F.2d 1336, 1343 (8th Cir. 1976) ("Since this determination requires the finding and weighing of numerous facts, the ultimate resolution is appropriately left to the

3

province of the [factfinder at trial] in most instances."). Thus, IMC faces a steep challenge in trying to persuade the Court at this stage to find that an agency relationship existed.

IMC has failed to carry their burden. The entirety of their argument is premised on highlighting various documents where JHL's president, Leif Kempel, used the word "agent" in reference to JHL's relationship with IMC. See generally Plaintiff's Motion for Partial Summary Judgment. This evidence, however abundant, provides an insufficient basis for summary judgment for two reasons. First, it is disputed by Mr. Kempel himself in his deposition testimony. See, e.g., Plaintiff's Exhibit 1, Transcript of Deposition of Leif Kempel, p. 32, ll. 15-16 ("No. We were not official agents for any carriers."). While IMC decries Kempel's testimony as self-serving and incredible, it is well-settled that credibility determinations are to be made by the fact-finder at trial. Anderson, 477 U.S. at 255. This is particularly true in a case where the intents of the respective parties to the contract is a significant fact in dispute and there is no written contract to which the Court might refer. Second, the mere fact that Kempel may have used the term "agent" in reference to JHL's relationship with IMC is inadequate to satisfy the three elements necessary to prove agency noted above. See Patrick v. Miss New Mexico – USA Universe Pageant, 490 F.Supp. 833, 839 (W.D. Tex. 1980) ("How the parties to a transaction choose to characterize their relationship is not the controlling factor in determining the legal nature of the relationship."). Significantly, IMC offers scant evidence to satisfy the critical element of control. JHL, in its opposition, points to elements of its relationship with Nissho Iwai over which IMC does not claim to have had any control; namely, the "manner in which Nissho Iwai paid" JHL and the way the

various parties allocated the risk of currency fluctuations. Those are some of the various facts that must be sorted out at trial in making the ultimate fact-intensive determination of whether or not an agency relationship existed.

Summary judgment is **DENIED.**

New Orleans, Louisiana, this 20th day of March, 2006.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE